UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

TREMAIN L. GRAHAM,

                Plaintiff,

- against -

POLICE OFFICER ORTIZ, et al.,

                Defendants.

**ORDER**
07-CV-1690 (JG)(LB)

-----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

On October 16, 2009, the Court ordered plaintiff to respond to defendants' discovery requests by November 6, 2009, and stated, "[i]f plaintiff fails to respond to defendants' discovery requests by November 6, 2009, I will recommend that this case should be dismissed." Document 45. By letter dated November 6, 2009, plaintiff states, "[b]eing that I have limited access to support my living conditions it has made it hard for me to respond to paperwork in only a time period of 10 days. I haven't received anything from the City of New York as far as requests." Document 46. Defendants respond that "plaintiff's November 6, 2009 letter clearly fails to comply with the Court's October 16, 2009 Order." Defendants therefore request the Court dismiss this action pursuant to Fed. R. Civ. P. 37(b)(2)(A) and 41(b).[1] Document 47. Defendants' request to dismiss this case is denied without prejudice.

Although a review of the record in this case, as well as plaintiff's other litigation filed in this Court, reveals that plaintiff has failed to comply with the Court's orders on numerous occasions, the Court will give plaintiff one last chance to comply before recommending the drastic sanction of dismissal. Here, plaintiff's statement that he has not "received anything from

---

[1] Fed. R. Civ. P. 41(b) is not a proper basis for dismissal unless the Court considers the five factors set forth in LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206 (2d Cir. 2001). Defendants' counsel makes no showing regarding the five factors, and therefore, dismissal under Rule 41(b) would be improper.

the City of New York" is belied by both his submission to the Court on October 10, 2009, Document 43 (attaching documents previously produced by defendants), as well as by statements made during a status conference in Graham, et al. v. People of the State of New York, et al., 09 CV 1635 (E.D.N.Y. filed April 16, 2009) where plaintiff stated that he may have received documents from the City but that he has not checked his mail. This is unacceptable. This is plaintiff's action to vindicate his rights. He cannot proceed in this action unless he responds to defendants' discovery requests. Plaintiff does not get to pick and choose what he will comply with and when he will do so. The Court will afford plaintiff one last opportunity to comply with his discovery obligations.

Defendants shall send plaintiff another copy of their discovery requests by November 23, 2009, and plaintiff shall respond to defendants' requests by December 11, 2009. Plaintiff is warned for the last time that if he fails to respond to defendants' discovery requests by December 11, 2009, I will recommend that this case should be dismissed pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v). Accordingly, the deadline for the parties to complete all discovery is stayed. If plaintiff does not respond to defendants' outstanding discovery requests by December 11, 2009, defendants may renew their instant request to dismiss this action. If plaintiff does respond to defendants' outstanding discovery requests then the deadline for discovery shall be extended to January 8, 2010. Defendants shall contact Judge Gleeson to request a pre-motion conference by February 8, 2010 if they intend to move for summary judgment.

SO ORDERED.

/S/
_____
LOIS BLOOM
United States Magistrate Judge

Dated: November 18, 2009
      Brooklyn, New York